UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 19-5737-JVS (KK)** | Date: | August 7, 2019 |
|---|---|---|---|

Title: *Floyd Scott v. State of California*

Present: The Honorable    KENLY KIYA KATO, UNITED STATES MAGISTRATE JUDGE

| DEB TAYLOR | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Petitioner: | Attorney(s) Present for Respondent: |
|---|---|
| None Present | None Present |

**Proceedings:**    **(In Chambers) Order To Show Cause Why Petition Should Not Be Summarily Dismissed As Second And Successive**

## I.
## INTRODUCTION

On June 19, 2019, Floyd Scott ("Petitioner") constructively filed a "Motion for Rule 60(b) Hearing" which the Court construes as a Petition for Writ of Habeas Corpus by a Person in State Custody ("Petition") pursuant to 28 U.S.C. § 2254 challenging his 2008 conviction. The Petition appears subject to dismissal because it is second and successive. The Court will not make a final determination regarding whether the Petition should be dismissed, however, without giving Petitioner an opportunity to address this issue.

Accordingly, the Court hereby issues this Order to Show Cause why the Petition should not be dismissed, and specifically orders Petitioner to respond to the Order to Show Cause in writing **no later than August 28, 2019**. The Court further directs Petitioner to review the information that follows, which details why the Petition appears to be subject to dismissal and may assist Petitioner in determining how to respond.

## II.
## PROCEDURAL HISTORY

On June 21, 1999, Petitioner was convicted of assault to commit rape, forcible oral copulation, penetration by a foreign object, and false imprisonment by violence in Los Angeles County Superior Court. Petitioner was sentenced to state prison for a term of 225 years to life.

<u>Scott v. Harrington</u>, No. CV 11-5738-GAF (AJW), 2014 WL 3571732, at *1 (C.D. Cal. June 10, 2014), <u>report and recommendation adopted</u>, 2014 WL 3589828 (C.D. Cal. July 18, 2014).[1]

On March 21, 2003, Petitioner filed a Petition for Writ of Habeas Corpus by a Person in State Custody ("2003 Petition") pursuant to 28 U.S.C. § 2254 in this Court challenging his 1999 conviction. <u>Scott v. Lamarque</u>, Case No. CV 03-2003-GAF (AJW), Dkt. 1. On December 19, 2006, Petitioner's 2003 Petition challenging his 1999 conviction was granted and he was ordered retried or released within 90 days. <u>Id.</u> at Dkt. 42, Judgment.[2]

On August 10, 2008, upon retrial, Petitioner was convicted of one count of assault to commit rape, two counts of forcible oral copulation, one count of penetration by a foreign object, and one count of false imprisonment by violence. <u>Scott v. Asuncion</u>, No. CV 16-2973-JVS(AJW), 2016 WL 3583837, at *1 (C.D. Cal. June 6, 2016), <u>report and recommendation adopted</u>, 2016 WL 3607156 (C.D. Cal. June 29, 2016). The jury also found true the allegations that petitioner tied and bound the victim in the commission of the offenses, that petitioner had suffered prior felony convictions, and that petitioner had served a prison term without remaining free of custody for a period of five years. Petitioner was sentenced to state prison for a term of 275 years to life. <u>Id.</u>

Petitioner appealed his conviction to the California Courts of Appeal, which affirmed the judgment in a reasoned decision on October 28, 2009. <u>People v. Scott</u>, No. B210946, 2009 WL 3450270, at *1 (Cal. Ct. App. Oct. 28, 2009).

Petitioner then filed a petition for review in the California Supreme Court, which was summarily denied on January 13, 2010. California Courts, Appellate Courts Case Information, Docket, https://appellatecases.courtinfo.ca.gov/search/case/dockets.cfm?dist=0&doc_id= 1924923&doc_no=S177667&request_token=NiIwLSIkTkw3WzBRSSFdVEtJQFw0UDxfJCMuXz xSQCAgCg%3D%3D (last updated Aug. 7, 2019 8:48 AM).

On July 4, 2011, Petitioner constructively filed a habeas petition in this Court (the "2011 Petition") challenging his 2008 conviction and raising the following sixteen claims for relief:

> 1. The admission of the victim's preliminary hearing testimony violated Petitioner's right to confrontation.
> 2. The trial court abused its discretion by admitting evidence of Petitioner's prior rapes.
> 3. Petitioner was denied due process by the admission of evidence of other crimes for the purpose of inferring his propensity to commit the charged offenses.

---

[1] The Court takes judicial notice of its own records and files as well as Petitioner's prior proceedings in the state courts. Fed. R. Evid. 201(b)(2); <u>In re Korean Air Lines Co.</u>, 642 F.3d 685, 689 n.1 (9th Cir. 2011); <u>United States v. Wilson</u>, 631 F.2d 118, 119 (9th Cir. 1980).

[2] On August 29, 2007, the Court issued an order (a) denying Petitioner's "request" for immediate release; (b) finding respondent "has been diligent in attempting to provide petitioner with a trial" and has not violated the December 19, 2006 Judgment; and (c) ordering that further requests challenging Petitioner's detention in state custody would not be entertained in the closed case and may only be filed as a new habeas petition. <u>Id.</u> at Dkt. 60.

4. The state court lacked jurisdiction over petitioner because it failed to comply with the judgment entered by this Court in Case No. CV 03-2003-GAF(AJW) requiring a retrial within ninety days.

5. Admission of the 911 operator's testimony that the victim said she had been raped deprived Petitioner of his right of confrontation.

6. Petitioner received ineffective assistance of counsel.

7. The prosecutor committed misconduct.

8. Introduction of Petitioner's prior convictions deprived Petitioner of a fair trial and violated the prohibition against double jeopardy.

9. Admission of the prior rape victims' testimony violated Petitioner's plea agreement on the prior rape charges because the agreement prohibited the victims from ever testifying against Petitioner.

10. The trial court violated Petitioner's right to represent himself.

11. Admission of the victim's preliminary hearing testimony violated Petitioner's right to confrontation.

12. Petitioner's sentence after his retrial violated the prohibition against Ex Post Facto laws because it was greater than his sentence after the first trial and it was based upon the Three Strikes Law.

13. The trial court deprived Petitioner of a fair trial by providing the jury with faulty instructions and by answering the jury's question outside of Petitioner's presence.

14. The trial court at the preliminary hearing prevented Petitioner from meaningfully cross-examining the victim and erroneously prevented Petitioner from "going co-counsel."

15. The trial court erroneously admitted evidence of Petitioner's prior convictions before Petitioner testified and was convicted.

16. Petitioner received ineffective assistance of counsel on appeal because appellate counsel failed to raise the issues included in this federal petition.

Scott v. Harrington, 2014 WL 3571732, at *3-4; Scott v. Harrington, No. CV 11-5738-GAF (AJW), Dkt. 1. On July 18, 2014, the Court denied the 2011 Petition on the merits and dismissed the action with prejudice. Scott v. Harrington, 2014 WL 3589828.

On August 3, 2014, Petitioner filed a notice of appeal of the denial of the 2011 Petition in the Ninth Circuit. Scott v. Harrington, No. CV 11-5738-GAF (AJW), Dkt. 71. On March 13, 2015, the Ninth Circuit denied Petitioner's request for a certificate of appealability. Id. at Dkt. 79.

On June 19, 2019, Petitioner constructively filed the instant Petition challenging his 2008 conviction on the grounds he was not retried within 90 days and the "State withheld the Medical Records of the Alleged Victim which would show the Petitioner to be Factually Innocent, Prosecutorial Misconduct and Ineffective Assistant [sic] of Counsel." Dkt. 2 at 3-4.

## III.
## DISCUSSION

Habeas petitioners generally may file only one habeas petition challenging their conviction or sentence. See 28 U.S.C. § 2244(b)(1). Hence, if a prior petition raised a claim that was adjudicated on the merits, a petitioner must "move in the appropriate court of appeals for an order authorizing the district court to consider the [second or successive petition]." Id. § 2244(b)(3)(A); McNabb v. Yates, 576 F.3d 1028, 1029 (9th Cir. 2009); Goodrum v. Busby, 824 F.3d 1188, 1194 (9th Cir. 2016)

("As a general principle, . . . a petition will not be deemed second or successive unless, at a minimum, an earlier-filed petition has been finally adjudicated."). Absent proper authorization from the court of appeals, district courts lack jurisdiction to consider second or successive petitions and must dismiss such petitions without prejudice to refiling if the petitioner obtains the necessary authorization. Burton v. Stewart, 549 U.S. 147, 152-53, 127 S. Ct. 793, 166 L. Ed. 2d 628 (2007); Cooper v. Calderon, 274 F.3d 1270, 1274 (9th Cir. 2001) ("When the AEDPA is in play, the district court may not, in the absence of proper authorization from the court of appeals, consider a second or successive habeas application." (citation omitted)); 28 U.S.C. § 2244(b)(2).

Here, the instant Petition challenges the same conviction that was challenged in the 2011 Petition. See Dkt. 2. Consequently, the instant Petition is second or successive to the 2011 Petition. As Petitioner has not presented any documentation indicating the Ninth Circuit has issued "an order authorizing the district court to consider the application," the Court lacks jurisdiction over the claims, and the instant Petition is subject to dismissal. 28 U.S.C. § 2244(b)(3)(A).

## IV.
## ORDER

Thus, the Court ORDERS Petitioner to respond **no later than August 28, 2019** by electing one of the following options:

1.      File a written response explaining the Petition is not a second and successive petition or showing that the Ninth Circuit has authorized review of this Petition. If Petitioner contends the Petition is not a second and successive petition, Petitioner should clearly explain this and attach any supporting documents showing that his claim is not second and successive to his prior claim; or

2.      Voluntarily dismiss this action without prejudice. Petitioner may request a voluntary dismissal of this action pursuant to Federal Rule of Civil Procedure 41(a). **The Clerk of Court has attached A Notice of Dismissal form.** However, the Court warns any dismissed claims may be later subject to the statute of limitations, because "[a] 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2244(d)(1).

If Petitioner fails to demonstrate the Petition is not a second or successive petition, **or fails to respond by August 28, 2019**, the Court will dismiss the Petition without prejudice as a second and successive petition and/or for failure to prosecute and obey court orders. See Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED.**